UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HAJA SILLAH,<br><br>                    Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                    Defendant. | CASE NO. C15-1852-RSM-MAT<br><br>REPORT AND RECOMMENDATION<br>RE: SOCIAL SECURITY DISABILITY<br>APPEAL |

Plaintiff brought this action to seek judicial review of the denial of an application for disability benefits by the Commissioner of the Social Security Administration. The parties now agree this case should be reversed and remanded pursuant to sentence six of 42 U.S.C. § 405(g) because the recording of the hearing held in this matter on September 25, 2013 cannot be located. (Dkts. 12 & 14.) The parties do not, however, agree as to whether or not a time limit should be imposed on the search for the missing recording. (*See id*.)

The Commissioner states that, if the Appeals Council cannot locate the hearing recording in a "reasonable period of time," it will remand the case for a de novo hearing. (Dkt. 12 at 2.) The Commissioner objects to the imposition of a specific time limit on the continued search for the recording, pointing to Supreme Court cases as showing judicial review does not extend to an agency's prioritization of administrative matters. For example, in *Heckler v. Day*, 467 U.S. 104,

REPORT & RECOMMENDATION
PAGE - 1

114 (1984), the Supreme Court noted that "Congress has refused to impose mandatory deadlines on the [Commissioner], or to direct her to promulgate them herself."

However, as plaintiff observes, *Day* addressed the imposition of mandatory deadlines in the processing of all social security disability claims as a general matter. *See id*. (noting suggestions of "deadlines of 150 days for reconsideration determinations and 165 days from hearing to posthearing decision"). It does not preclude the imposition of deadlines to prevent undue delay in a specific case. Plaintiff notes that over ninety days have passed since the Commissioner was served the Complaint in this case on December 9, 2015, and the Appeals Council has been unable since that time to locate the recording of the September 2013 hearing. In light of the existing delay, plaintiff requests that the Social Security Administration be directed to either recreate the record or remand this matter to the ALJ within ninety days of the sentence six remand order.

The Court finds the request for a time limit of some kind on additional efforts to find the hearing recording reasonable. Based on the stipulation of the parties, the Court recommends this case be REVERSED and REMANDED pursuant to sentence six of 42 U.S.C. § 405(g). On remand, the Commissioner and Appeals Council will expedite the case and have **sixty (60) days** to continue to search for the missing recording. If the recording cannot be located, the Appeals Council, within that same **sixty-day period**, will remand the case for a *de novo* hearing to be held within **ninety (90) days** of the date of the Appeals Council's remand order.

The Court will retain jurisdiction over the action pending further administrative proceedings. *See Melkonyan v. Sullivan*, 501 U.S. 89, 98-102 (1991). If the outcome of those proceedings is unfavorable to plaintiff, plaintiff may seek judicial review by reinstating this case rather than by filing a new Complaint. If the outcome is favorable to plaintiff, the parties will

REPORT & RECOMMENDATION
PAGE - 2

move this Court for entry of Judgment.

A proposed order accompanies this Report and Recommendation.

### **DEADLINE FOR OBJECTIONS**

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **April 22, 2016**.

DATED this  5th  day of April, 2016.

_____
Mary Alice Theiler
United States Magistrate Judge

REPORT & RECOMMENDATION
PAGE - 3